CITY OF PHILADELPHIA et al., Appellants,

v.

George P. BAKER et al.

COMMONWEALTH OF PENNSYLVANIA et al., Appellants,

v.

George P. BAKER et al.

In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor,

Commonwealth of Pennsylvania et al., Appellants.

Nos. 74–1301 to 74–1303.

United States Court of Appeals, Third Circuit.

Argued Nov. 21, 1974.

Decided Jan. 22, 1975.

(D.C.Civil No. 71–1002)

(D.C.Civil No. 71–2301)

(D.C. No. B–70–347 In Bankruptcy)

Carla A. Hills, Asst. Atty. Gen., Robert E. J. Curran, U. S. Atty., Morton Hollander, David J. Anderson, James F. Dausch, Attys., Dept. of Justice, Washington, D. C., for the United States of America, appellee.

Donald A. Brinkworth, Philadelphia, Pa., for the Trustees of Penn Central Trans. Co.

Robert S. Medvecky, Vice President and Gen. Counsel, Washington, D. C., Gratz, Tate, Spiegel, Ervin & Ruthrauff, Philadelphia, Pa., Jones, Day, Cockley &

Reavis, Patrick F. McCartan, Cleveland, Ohio, for appellee National Railroad Passenger Corp.

Israel Packel, Atty. Gen., Harrisburg, Pa., Michael von Moschzisker, Deputy Atty. Gen., Philadelphia, Pa., Gordon P. MacDougall, Sp. Asst. Atty. Gen., Washington, D. C., William F. Hyland, Atty. Gen., Philip F. Mattia, Deputy Atty. Gen., Trenton, N. J., Louis J. Lefkowitz, Atty. Gen., Thomas F. Harrison, Asst. Atty. Gen., New York City, Martin Weinberg, City Sol., Herbert Smolen, Asst. City Sol., Philadelphia, Pa., Edward Munce, Acting Counsel, Pennsylvania Public Utility Commission, Harrisburg, Pa., Thomas P. Shearer, Pittsburgh, Pa., for appellants.

John F. Shea, III, Asst. Atty. Gen., Dept. of Law, Environmental Protection Bureau, New York City, for appellant, State of New York.

Before ADAMS, GIBBONS and WEIS, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

These consolidated appeals are from three separate orders entered following the filing of the district court's opinion in In re Penn Central Transportation Co., 370 F.Supp. 22 (E.D.Pa.1974). Appeal No. 74–1301 is from an order entered in district court civil action No. 71–1002 denying plaintiffs' motion to convene a three-judge district court, and granting defendants' motion to dismiss the complaint. Appeal No. 74–1302 is from an order entered in district court civil action No. 71–2301 also denying plaintiffs' motion to convene a three-judge district court and granting defendants' motion to dismiss the complaint.

Appeal No. 74–1303 is from the entry of order No. 1447 in proceedings for the reorganization of Penn Central Transportation Co., which, as relevant to this appeal, dismissed applications to have the trustees in reorganization of Penn Central operate trains Nos. 600 through 617 (the 600 series), between Harrisburg and Philadelphia, Pennsylvania, and trains Nos. 200 through 298 (the 200 series) between Philadelphia, Pennsylvania and New York, New York.[1] The appellants are the City of Philadelphia, the Commonwealth of Pennsylvania, the Pennsylvania Public Utility Commission, and the United Transportation Union.[2] The appellees are the trustees in reorganization of Penn Central, the National Railroad Passenger Corporation, and the United States of America.

The complex procedural history of this litigation can, for present purposes, begin with order No. 232 entered on April 16, 1971. By that order the reorganization court enjoined all persons, including the appellants, from instituting or maintaining any litigation affecting the continuance or discontinuance of passenger trains covered by the National Rail Passenger Service Act of 1970 (the Amtrak statute), 45 U.S.C. § 501 et seq., in any court other than the Eastern District of Pennsylvania.[3] Following the entry of this order the appellants filed district court civil action No. 71–1002 in the Eastern District of Pennsylvania seeking to enjoin termination of any service between Harrisburg and Philadelphia or between Philadelphia and New York. The complaint also specifically requested that the question of whether the 600 series trains and the 200 series trains were in intercity or commuter service within the meaning of § 102(5) of the Amtrak statute be referred, pursuant to 28

---

1. A separate order growing out of the same opinion is before us in Parker v. Penn Central Transportation Co., No. 74–1325, (3d Cir. filed Jan. 13, 1975), 510 F.2d 970.

2. On December 19, 1974 the State of New Jersey, originally an appellant filed a stipulation of dismissal. The State of New York also appeals from order No. 1447 with respect to the Chatham, New York—New York, New

York run. The gravamen of that claim is more fully considered in Parker v. Penn Central Transportation Co., No. 74–1325 (3d Cir., filed Jan. 13, 1975.), 510 F.2d 970.

3. See In re Penn Central Transportation Co., 446 F.2d 1109 (3d Cir.), aff'g, 329 F.Supp. 387 (E.D.Pa.1971) (Appeal of Congress of Ry. Unions).

U.S.C. § 1336(b), to the Interstate Commerce Commission. The district court by order No. 238 approved the contract between the debtor and Amtrak and by order No. 244 dated April 30, 1971 acceded to appellants' request that the intercity or commuter status of the 200 and 600 series trains be referred to the Commission.[4] By order No. 245 the reorganization court directed that intercity rail service be discontinued, but that pending the I.C.C. determination the trustees resume the operation of the 200 and 600 series trains if they should be discontinued by Amtrak.

The Commission undertook to investigate and report on both series. On June 24, 1971, in Finance Docket No. 26632, 338 I.C.C. 621 it found that the 600 series trains were not "intercity rail passenger service" within the meaning of § 102(5) of the Amtrak statute, 45 U.S.C. § 502(5), but were commuter trains. On July 26, 1971, in Finance Docket No. 26634, 338 I.C.C. 690 it found that the 200 series trains were not "intercity rail passenger service", but commuter trains. On July 14, 1971 the Commission was made a party to the reorganization proceedings with respect to hearings on exceptions to its reports.

Meanwhile, effective May 1, 1971, both series of trains were designated by the National Rail Passenger Corporation (Amtrak) as "Amtrak" trains. They have since that date been operated by Penn Central pursuant to a contract with Amtrak.

On August 11, 1972 the appellants petitioned in the reorganization proceeding for an order directing the trustees to resume operation of the 600 series trains. When it became clear that Amtrak was not about to terminate this service a hearing scheduled on that petition was cancelled without prejudice. Although the record is not entirely clear, it appears that other informal applications for relief with respect to the 600 and 200 series trains were also presented in the reorganization proceedings.

On September 22, 1971 the appellants filed district court civil action No. 71–2301 praying that the district court, pursuant to 28 U.S.C. § 1336(c), enforce the two I.C.C. decisions and declare pursuant to 28 U.S.C. §§ 2201 and 2202 that Penn Central may not be relieved of the responsibility for the disputed service.

The defendants moved in both Nos. 71–1002 and 71–2301 to dismiss the complaints. And the plaintiffs, relying on 28 U.S.C. § 2325, moved for the convening of a three-judge court in both actions. Thus the district court had before it the defendants' motions to dismiss both civil actions, the plaintiffs' motions to convene a three-judge court, and certain applications in the reorganization proceedings all directed at obtaining or opposing an adjudication that the 600 series and 200 series trains were commuter trains falling outside the scope of the Amtrak statute. The court considered all these matters in a single opinion. In re Penn Central Transportation Co., 370 F.Supp. 22 (E.D.Pa.1974). It held, *inter alia* that:

(1) 28 U.S.C. § 2325 was inapplicable because the ICC reports on the 600 and 200 series trains were not "orders" within the meaning of that statute; (2) it had jurisdiction both by virtue of 28 U.S.C. §§ 1336(b) 1398(b), and under the Bankruptcy Act, and (3) by § 202 of the Amtrak statute, 45 U.S.C. § 522 Congress had precluded judicial review of the decision by Amtrak to operate the 600 and 200 series trains as intercity trains.

We affirm.

■ 1. 28 U.S.C. § 2325 provides that an interlocutory or permanent injunction restraining the enforcement, operation or execution of an order of the I.C.C. shall not be granted unless the application therefor is heard by a three-judge district court. No order was entered in Finance Dockets Nos. 26632 or 26634. Thus § 2325 is inapplicable. United States v. Atlanta, Birmingham & Coast R.R., 282 U.S. 522, 51 S.Ct. 237, 75 L.Ed.

---

4. In re Penn Central Transportation Co., 329 F.Supp. 572, 577 (E.D.Pa.1971) (Discontinuance of Intercity Passenger Service).

513 (1931). Moreover, the appellants, plaintiffs in civil actions Nos. 71–1002 and 71–2301, sought to enforce rather than to enjoin enforcement of the ICC's conclusion that the disputed trains were commuter rather than intercity. Thus the district court properly declined to request the convening of a three-judge district court.

2. The basis for the district court's subject matter jurisdiction need not detain us. We have twice held that all litigation concerning the Penn Central's relationship with Amtrak should be heard in the Eastern District of Pennsylvania. In re Penn Central Transportation Co., 457 F.2d 381, 387 (3d Cir. 1972) (Appeal of State of New York); In re Penn Central Transportation Co., 446 F.2d 1109, cert. denied 405 U.S. 918, 92 S.Ct. 943, 30 L.Ed.2d 787 (Appeal of Congress of Ry. Unions).

3. The district court properly concluded that Amtrak's decision to operate, and Penn Central's decision to discontinue the 600 and 200 series trains were beyond judicial review. The congressional purpose in enacting the Amtrak statute was the creation of a modern, efficient intercity railroad passenger service system. Section 101 of the Amtrak statute, 45 U.S.C. § 501. The first step in creation of that system was to be a preliminary report by the Secretary of Transportation to the ICC and to Congress recommending a "basic system." Section 201 of the Amtrak statute, 45 U.S.C. § 521. The recommendation was to specify "points between which intercity passenger trains shall be operated . . . routes . . . and the trains presently operated over such routes, together with basic service characteristics of operations to be provided within the basic system, taking into account schedules, [and] number of trains . . .." Id. Interested parties were afforded an opportunity to comment and make recommendations on the preliminary report. Section 202 of the Amtrak statute, 45 U.S.C. § 522. The statute then provided:

"The Secretary shall . .. . submit his final report designating the basic system to Congress. . . . The basic system as designated by the Secretary shall become effective for the purposes of this chapter upon the dates that the final report of the Secretary is submitted to Congress *and shall not be reviewable in any court.*" Id. (emphasis supplied).

The Secretary's final report was submitted on January 28, 1971. In that report he designated points between which intercity passenger trains would be operated, including "New York-Chicago." He designated routes over which service might be provided, including the "New York-Pittsburgh Segment via Philadelphia, Harrisburg." He designated trains presently operated over such routes in the New York-Pittsburgh segment via Philadelphia-Harrisburg, including in that designation the 600 series trains. He also designated New York and Washington as two points between which intercity passenger service trains "shall be operated" and designated routes over which that service "may be operated" as "New York-Washington Segment via Newark, Trenton, Philadelphia, Wilmington, Baltimore." He listed the trains presently operating over the New York-Washington segment including in that list the 200 series trains.

There can be no doubt that Congress, having afforded interested parties an opportunity to comment and make recommendations on the Secretary's preliminary report, intended that the final report designating the basic system, a document culminating a process essentially legislative in nature, be subject to review only in the legislative branch. The statute could be no more explicit. *See* Quincy College and Seminary Corp. v. Burlington Northern, Inc., 328 F.Supp. 808, 811 (N.D.Ill.1971) aff'd, 405 U.S. 906, 92 S.Ct. 939, 30 L.Ed.2d 777 (1972). The complaints in civil actions Nos. 71–1002 and 71–2301 were properly dismissed, and order No. 1447 in the reorga-

nization proceeding was properly entered.[5]

The orders appealed from will be affirmed.

**5.** This conclusion makes it unnecessary to consider appellees' additional contention that National R.R. Passenger Corp. v. National Ass'n of R.R. Passengers, 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646, (1974), bars relief.